Mr. Chief Justice Shamey
delivered the opinion of the court.
This case is before us a second time, having been first brought up by the defendant below, against whom there was a verdict for $4052. The judgment was reversed on account of an improper charge given by the court. On the same testimony a second jury rendered a verdict for the plaintiff for only $702, ■and he now brings the case up on exceptions taken during the progress of the trial, and on exceptions taken to the decision of the court in overruling a motion for a new trial.
The action was founded on a writing obligatory, made by Montgomery and Jenkins, payable to William M. Taylor, and by him transferred by indorsement to Dillingham, who took the assignment after he had notified Montgomery that a negotiation for a transfer was on foot, and after having received assurances frQm Montgomery that the debt was justly due and should be paid, subject to certain previous payments. An effort was made on the trial to establish a failure of consideration, and it is presumable that on this ground alone the jury rendered a verdict for an amount so much less than that recovered on the first trial.
The history of the consideration is briefly this; Stephen H. Strong, in his lifetime, had leased for ninety-nine years a sixteenth section of land, which was appropriated by congress for the use of schools. He received no other evidence of title than a bond from the trustees of school-lands to make him a title. After Strong’s death his term in this land was sold by order of the probate court, and Reuben Taylor became the purchaser, and took from the administrators an assignment of the bond which had been given to Strong. Reuben Taylor sold the land, and assigned the bond to William M. Taylor, who sold to Montgomery for $3000, and assigned the bond to him; Montgomery executed the note sued on, with Jenkins as surety, in which is embraced the amount of purchase-money, besides some other consideration, amounting in the whole to $5000, about $1500 of which had been paid before the transfer to Dillingham. It seems that Montgomery took possession of the land, and has held it ever since, without molestation.
*486 In order to show failure of consideration, witnesses were examined to prove the declarations of Taylor, the payee, that part of the consideration of this note, was the sixteenth section, which Montgomery had purchased. This testimony was objected to. In the former decision, (3 S. & M. 647,) we had occasion to examine fully the effect of Montgomery’s declarations to Dillingham, before the assignment was taken, and we then decided, on the authority of our previous decisions, that Montgomery had waived any failure of consideration, and could not be permitted to set up such a defence, after having induced Dillingham to take the assignment. But Montgomery has died since, and Jenkins is now the only defendant. It is insisted that he is a mere surety, and is not precluded by the declarations of Montgomery from setting up failure of consideration. The consideration of a contract does not pass to the surety. His obligation arises from the consideration received by his principal. The contract of a surety is accessory to the contract of his principal, and if the principal be bound the surety is also, unless he is discharged by some variation in the terms of the contract; but if there is no change in the risk he took upon himself, he is not discharged. The effect of Montgomery’s admission was, that he had received a consideration, or if he had not, he waived any objections on that score, and admitted the validity of the contract. The obligation of Montgomery was the inducement to the surety, and we cannot perceive how the surety can avail himself of a want of consideration; when his principal cannot. In suretyships there is a contract between the principal and his surety. Montgomery is still bound on this contract to Jenkins, as well as on the original obligation. We do not think, therefore, that the admission of Montgomery had the effect to bind Jenkins. The validity of Montgomery’s contract is what binds him. If this view of the subject be correct, all evidence which went to impeach the consideration of the note was improperly admitted. But conceding that this is a doubtful point, the question is, did the defendant succeed in proving a failure of consideration ? He relies upon a supposed defect in the proceedings in the probate court, in granting an *487 order to sell the land, without proof that citations had been published according to law. It is true that in such cases the record must show that the law has been strictly pursued when land is sold by an administrator. But we have never decided that such a degree of strictness was necessary in the sale of chattels, which go to the administrator to be administered. The thing sold was a term for years, which is a chattel and goes to the administrator, and not to the heir. It must be distributed as personal property. A lease for ninety-nine years is of no higher dignity than a lease or term for one year. The consequence is, a failure of consideration was not established, and a new trial ought to have been granted.
Judgment reversed, and new trial awarded.